

United States District Court
Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED

MAR 0 1 2000

MICHAEL N. MILBY, CLERK

**Vera Dixon**

vs.                                         No. **C-00-094**

**Chase Visa**                              [Jury Requested]

# COMPLAINT

To the Honorable Court:

Vera Dixon ("Dixon") respectfully files suit against Chase Visa ("Chase").

### Defendant

1. Chase Visa may be served through its president at P.O. Box 15919, Wilmington, Delaware 19885-5919 or at P.O. Box 29082, Phoeniz Arizona 85038-9082.

### Federal Jurisdiction

2. Federal jurisdiction exists under 15 U.S.C. §1640(e).

### Facts

3. An erroneous charge of $259 appeared on Dixon's monthly statement. Exhibit A.

4. Dixon wrote Chase a letter complying with 15 U.S.C. §1666. Exhibit A.

5. Dixon in her letter specifically requested appropriate documentation.

6. Specifically, Dixon's letter included the following:

    a)     Dixon's name and account number,

    b)     Dixon's belief that her statement contained a billing error,

    c)     The amount of the asserted billing error, and

    d)     The reasons Dixon believes the statement contains a billing error.

7. Chase under 15 U.S.C. §1666 was required to:

    a)     Make appropriate corrections to Dixon's account,

    b)     Transmit to Dixon notification of the corrections,

    c)     Give an explanation of any change in the amount, and

    d)     Provide documentary evidence supporting any change in amount.

8. Alternatively, Chase under 15 U.S.C. §1666 was required to:

    a)    Conduct an investigation,

    b)    Send written explanation setting forth the reasons it believes Dixon's account was correctly shown in the disputed statement, and

    c)    If requested, provide copies of relevant documentary evidence.

9. Chase did not do any of the things required by 15 U.S.C. §1666.

10. Rather, Chase wrote a letter to Dixon (ignoring Dixon's attorney). Exhibit B.

11. The letter requested redundant information from Dixon.

12. The bottom line is that Chase's letter was "the run-around."

13. Dixon had already complied with all statutory requirements.

14. Chase said it could do nothing for Dixon if she didn't promptly take redundant actions.

15. Dixon is elderly and her sister died during this time.

16. Dixon did not take the requested redundant actions within the time Chase allowed.

17. Dixon did not contact her attorney during the time Chase allowed.

18. Dixon contacted her attorneys' wife during the relevant time and was grief stricken.

19. Dixon never during those conversations discussed her credit card problem.

20. In any event, Dixon had already taken all actions required by 15 U.S.C. §1666.

21. Chase wrote Dixon and stated her dispute is closed since she did not do as asked.

22. Chase never conducted an investigation.

23. Chase never sent an explanation stating reasons Dixon's account is correct.

24. Chase never provided Dixon with copies of relevant documentary evidence.

25. Chase completely ignored the requirements of 15 U.S.C. §1666.

26. Dixon did her part under the statute, and Dixon was not required to do anything else.

27. The statute placed on Chase the obligation to investigate, explain, and document.

28. Chase deviously ignored Dixon's attorney.

29. Chase sent Dixon a request for redundant information with a short time deadline.

30. Chase closed its file on Dixon's complaint without ever addressing her complaint.

31. Chase has violated 15 U.S.C. §1666 by taking actions to collect the disputed amount.

## 15 U.S.C. §1640(a)

32. Chase as explained above failed to comply with requirement(s) of Part D.

33. Dixon is entitled to recover her actual damages of $259 including finance charge.

34. Dixon is also entitled to recover twice the finance charge on the transaction.

35. Dixon is also entitled to recover her attorneys' fees and costs.

## Class Action

36. Dixon reasonably believes that Chase systematically violates 15 U.S.C. §1666.

37. A class of persons exists nationwide with claims similar to Dixon's claims.

38. All prerequisites for certification of a class exist.

39. The Court should certify a class against Chase.

40. The class consists of the following persons nationwide:

   a) Persons who asserted billing errors against Chase in writing,

   b) Provided in the written dispute the information required by 15 U..S.C. §1666,

   c) Never voluntarily withdrew their dispute, and

   d) Never received the required correction or explanation / documentation.

41. The class includes all above described persons who's disputed charge remained unpaid and Chase sought to collect the disputed charge within the last year. The Court in determining whether the disputed charge remained unpaid during the relevant time should use the "LIFO" or the "FIFO" method as separately elected by each class member. Chase due to its intentional evasion of its statutory duties should not benefit from any difference in result.

42. Each class member is entitled to recover actual damages including finance charge.

43. The class is entitled to an additional amount as described 15 U.S.C. §1640(a)(2).

44. The class is entitled to recover reasonable attorney's fees and costs.

## Notifications

45. Chase sends mail to most class members monthly. The Court as a matter of efficiency should require Chase to send all necessary notifications with the existing mailings.

## Conditions Precedent

46. All conditions precedent have been performed or have occurred.

## Conclusions

47. The Court should certify the requested class and grant all requested relief.

3

Respectfully Submitted,

_____
**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR DIXON

4

ClibPDF - www.fastio.com

# David A. Sibley
## Attorney At Law

Monday, January 17, 2000

**VIA CERTIFIED MAIL Z 436 969 164**
Chase Visa
P.O. Box 15919
Wilmington, Delaware 19850-5919

Re: Romer J. Dixon
Account No. 4253 3040 0071 5542
Billing Error

Dear Ladies and Gentlemen:

I represent Vera Dixon. She is the only living cardholder for the referenced account. Her husband Romer Dixon died a number of years ago.

She did not make the charge for $259 appearing on her January statement (copy attached). I have put large stars next to the erroneous charge.

This letter is written under 15 U.S.C. §1666. The name and account number are stated above. The billing error, amount, and explanation are stated above.

Thus, you need to timely acknowledge this letter. Further, you need to timely correct my client's statement by removing the charge, and you need to send me notification of the correction. Alternatively, you timely need to give me an adequate written explanation of the charge including appropriate documentation.

Limitations exist on you ability to seek to collect the disputed amount. I look forward to receiving your notification of correction. I know many credit card companies give people the run around on these types of problems. I hope that you will handle this properly.

Respectfully,

*David Sibley*

---

P.O. Box 9610, Corpus Christi, Texas 78469-9610
Telephone: (361) 882-2377; Telecopier (361) 692-0142
davidsibley@earthlink.net
1

EX. 1

# CHASE

| PAYMENT DUE DATE | NEW BALANCE | MINIMUM DUE |
|---|---|---|
| 01/31/00 | $259.00 | $10.00 |

ACCOUNT NUMBER: 4253 3040 0071 5542

Enter Amount Enclosed In Boxes Below

$ ☐☐☐☐☐☐

Please make check or money order payable to CHASE VISA.

Print change of address and telephone number:
New Address: _____
_____
Telephone: (   ) _____

061818

ROMER J DIXON
4518 HART RD
CRPS CHRSTI TX  78410-3406

P.O. BOX 29082
PHOENIX AZ  85038-9082

4253304000715542000259000000010002

Please detach at perforation and return with your payment.

# CHASE

Your Chase Visa® Account
ACCOUNT NUMBER: 4253 3040 0071 5542

| NEW BALANCE | PAYMENT DUE DATE | STATEMENT CLOSING DATE | DAYS IN BILLING CYCLE |
|---|---|---|---|
| $259.00 | 01/31/00 | 01/06/00 | 31 |
| TOTAL CREDIT LINE | TOTAL AVAILABLE CREDIT | CASH ACCESS LINE | AVAILABLE CASH |
| $5,800 | $5,541 | $5,800 | $5,541 |

## Here is your Account Summary:

|  | TOTAL |
|---|---|
| Previous Balance | $0.00 |
| (-) Payments, Credits | 0.00 |
| (+) Purchases, Cash, Debits | 259.00 |
| (+) FINANCE CHARGES | 0.00 |
| (=) New Balance | 259.00 |
| Minimum Payment Due | $10.00 |

## Your charges and credits at a glance:

| TRAN. DATE | POST DATE | REF. NO. | DESCRIPTION OF TRANSACTIONS | CREDITS | CHARGES |
|---|---|---|---|---|---|
| 12/16 | 12/16 | NQJP | Premier Sports Warwickshire GB |  | 259.00 |
|  |  |  | Total of your credits and charges | 0.00 | 259.00 |

Romer J Dixon, to date, your **MONEYBACK** total is $0.64.

## Here's how we determined your Finance Charge*:

|  | DAILY PERIODIC RATE | AVERAGE DAILY BALANCE | PERIODIC / MIN. FINANCE CHARGE | TOTAL FINANCE CHARGE | NOMINAL ANNUAL PERCENTAGE RATE | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|---|
| Purchases | V 0.04928% | $0.00 | $0.00 | $0.00 | 17.99% | 0.00% |
| Cash | V 0.05493% | $0.00 | $0.00 | $0.00 | 20.05% | 0.00% |

* Please see reverse side for balance computation method and other important information.



**Questions** about your account? Credit Card lost or stolen? Call Chase Customer Service 24 hours a day, 7 days a week, toll-free, at **1-800-441-7681** or write PO Box 15919, Wilmington, DE 19850-5919.
Para Servicio al Cliente en Español: **1-800-545-0464**.

EX. A

**How We Determine Your Finance Charges**

Finance Charges... ...are imposed by applying the applicable Periodic Rates... ...minimum charges and transaction fees... ...the Finance Charge section. For each type of transaction... ...charge section, we calculate an average daily balance and apply the rate... ...to that balance. For Purchases, we determine the Average Daily Balance... ...Purchases. For Cash Advances, we determine the Average Daily Balance including new Cash Advances.

**Here is how we determine each of your average daily balances:**

1. For each day in the billing cycle, we take that day's beginning balance for Balance Transfers, Advances and Purchases (an amount that includes accrued and/or unpaid Finance Charges from prior billing cycles) for the type of average daily balance being calculated (i.e. Purchases/Cash Advances, Prior and Current Purchases, Cash Advances, Balance Transfers or Transferred Balances) and add any new Balance Transfers, Advances, Purchases or other debits to the appropriate balance. If your account has a daily periodic rate as shown on the front of the statement, then we also add to each such balance an amount equal to the previous day's ending balance of Balance Transfers, Advances or Purchases multiplied by the applicable daily Periodic Rate (or if more than one... ...based on the average daily balance reaching a certain level the lowest applicable... ...We subtract from the appropriate balance any payments or credits posted to... ...as of the date... balances.

2. We then add all of the amounts for the daily balances for the billing cycle (excluding days which end... ...already transacted) and divide the sum by the number of days in that billing cycle. The result is the Average Daily Balance.

If the... ...is disclosed "V" on the front of your statement, this means that the rate... ...variable. The variable APR is the prime rate published in *The Wall Street Journal* on the last... ...business day of the calendar month that precedes the first day of the billing cycle for which... ...is being calculated, plus our margin as disclosed in your Cardmember Agreement.

If the Purchases Periodic Minimum FINANCE CHARGE on the front of your statement is $0.50 then the minimum Balance... ...fee for Purchases applies to your Account.

A transaction fee for each... ...charge may be imposed on each Cash Advance and Balance Transfer.

**Purchases Grace Period**

There will be no finance charge on Purchases if you pay the New Balance by the Payment Due Date shown on the front of this statement. You may avoid a finance charge on Purchases on the next billing cycle in which they are posted to your Account if that cycle began with a... ...balance or if a balance of zero on the previous balance is reduced to zero by payments or credits before the Payment Due Date shown on your previous monthly statement. The Purchases grace period is not less than 22 days. There is no grace period for Cash Advances, transferred balances (on new accounts only) and Balance Transfers (for existing accounts only) unless the terms of the Balance Transfer offer state there will be a grace period. If this is a Premier Advantage Account, there is no grace period in which to repay your balances before Finance Charges will be imposed.

**When Charges Are Added To Your Average Daily Balance**

Purchases, Cash Advances, and other debits are added to the daily balance as of the transaction date (in the Trans Date column on the front of your statement) or the first day of the billing cycle... ...at our option, we may wait until the posting date (in the Post... ...statement) to add the transaction to the daily balance. The posting date is the date we actually process the transaction to your Account.

**Making Payments**

You may prepay all or part of your New Balance at any time. However, you must always pay at least the Minimum Payment Due by the Payment Due Date. Send your payment to the Chase account address shown on the front of your statement. Pay by check or money order and be sure to allow sufficient time for your payment to reach us by the Payment Due Date. Payments received... ...at the payment address by 9:00 A.M. Eastern Time Monday through Friday (except... ...business days) will be credited to your Account as of that day. Payments received at the address indicated after 9:00 A.M. Eastern Time or on any non-bank business days or on banking holidays will be credited to your Account the following... ...or otherwise do not follow the payment instructions...

Conditional payments... ...any check or other payment you send us for less than the full balance due that is marked "paid in full" or with similar notation or that you otherwise tender in full satisfaction of a disputed amount must be sent to Chase, P.O. Box 29236, Phoenix, AZ 85038-9236. We reserve all our rights regarding such checks (for example, if it is determined there is no valid dispute or if such a check is received at any other address we may accept the check and you will still owe any remaining balance). We may refuse to accept any such check by returning it to you, not cashing it or destroying it. All other payments should be sent to the payment address shown on the front of this statement.

**Telecommunication Device for the Deaf**

For any questions or other communication about your Account please call the TDD # 1-800-446-4255.

**If you see a charge on your statement that you do not recognize:**

- Recheck your own records as well as those of any authorized users to see if there is a charge on mail or phone order you may have overlooked. It is a good idea to keep your copy of all charges until those charges appear on your statement.
- Check to see if the... ...name of the charge is familiar, even if you do not recognize the place of the merchant purchase. Companies may bill under a different name or from a central location.

If you still do not recognize a transaction, please refer to the Billing Rights Summary below. New York residents may contact the New York State Banking Department at 1-800-518-8866 to obtain a comparative listing of credit card rates, fees and grace periods.

**Disputing Account Information Reported to Credit Bureaus:**

We furnish information about your Account to credit bureaus. You have the right to dispute the accuracy of such information reported by writing to us at P.O. Box 15825, Wilmington, DE 19850-5825.

**If Your Annual Fee Is Billed On This Statement**

If you close your Account within 30 days from the date this statement was mailed, you may avoid paying the Annual Fee billed on this statement. You can do this by writing to us at the address or calling us at the telephone number shown on the front of this statement after "**Questions?**" You may continue using your Account during this 30 day period up to the date you tell us to close your Account.

**Billing Rights Summary**

**In Case Of Errors Or Questions About Your Bill**

If you think your bill is wrong or if you need more information about a transaction on your bill, write us on a separate sheet at the address shown on the front of this statement next to "**Questions?**" as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
1. Your name and account number
2. The dollar amount of the suspected error
3. Describe the error and explain if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay the amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report the amount in question as delinquent or take any action to collect the amount in question.

If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter must call us at the telephone number shown on the front of this statement after "**Questions?**" three business days before the automatic payment is scheduled to occur.

**Special Rule For Credit Card Purchases**

If you have a problem with the quality of goods or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant, or if we mailed you the advertisement for the property or services, all Purchases are covered...



P.O. Box 15919, Wilmington, DE 19885-5919

February 3, 2000

VERA P DIXON
4518 HART RD
CORPIS CHRISTI TX 78410-3406

Merchant Name: Premier Sports
Dispute Amount: $259.00
Posting Date: December 16, 1999

Account #: 4253 3040 0071 5542

Dear Mrs. Dixon:

Thank you for your recent inquiry.

We have received a letter from your attorney stating you would like to dispute the charge of $259.00 from Premier Sports on December 16, 1999. If this transaction is unauthorized, please sign the following statement below:

Neither I, nor anyone authorized by me, engaged in the transaction from Premier Sports, in the amount of $259.00. The posting date of this item is December 16, 1999. I am in possession of my cards. My account number is 4253 3040 0071 5542.

Signature _Vera P Dixon_   Date _2-26-2000_

We want to assist you in resolving this with the merchant; however, there is a limited time period that we have to present this information. We suggest that you write back to us within ten days of receiving this letter. If you delay in responding, we will have very few options for assisting you. A postage-paid envelope is enclosed for your convenience, or you may fax your response to (302) 758-6223 for prompt handling.

We apologize for any inconvenience this situation may have caused, and look forward to your continuing participation in our credit card program.

Sincerely,

*A. Moor*

A. Moor
Cardmember Services
1-800-356-5555
BRE

Ex.