UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERA DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 00-094 |
| | § | |
| CHASE VISA, | § | |
| | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED

MAY - 8 2000

MICHAEL N. MILBY CLERK

## ANSWER AND COUNTERCLAIM

The Chase Manhattan Bank USA, N.A. (hereinafter "Chase"), incorrectly named herein as "Chase Visa," files this Answer and Counterclaim to Plaintiff's Complaint and would respectfully show the Court the following:

1.    Chase denies paragraph 1 of Plaintiff's Complaint.

2.    Chase denies paragraph 2 of Plaintiff's Complaint.

3.    With respect to paragraph 3 of Plaintiff's Complaint, Chase:

    (a)    lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegation that the alleged $259.00 charge was erroneous;

    (b)    affirmatively alleges that the account statement attached to the Complaint as Exhibit A is in the name of one "Romer J. Dixon," not Plaintiff Vera Dixon; and

    (c)    denies the remaining allegations contained in said paragraph.

4.    With respect to paragraph 4 of Plaintiff's Complaint, Chase:

    (a)    notes that a document purporting to be a letter from Dixon's attorney to "Chase Visa" is attached to the Complaint as Exhibit A; and

(b)     denies the remaining allegations contained in said paragraph.

5.      In answer to paragraph 5 of Plaintiff's Complaint, Chase affirmatively alleges that the document attached to Plaintiff's Complaint as Exhibit A speaks for itself and otherwise denies the allegations contained in paragraph 5.

6.      With respect to the allegations contained in paragraph 6 of Plaintiff's Complaint, Chase affirmatively alleges that the document attached to Plaintiff's Complaint as Exhibit A speaks for itself and otherwise denies the remaining allegations contained in said paragraph.

7.      Chase denies paragraph 7 of Plaintiff's Complaint.

8.      Chase denies paragraph 8 of Plaintiff's Complaint.

9.      Chase denies paragraph 9 of Plaintiff's Complaint.

10.     With respect to paragraph 10 of Plaintiff's Complaint, Chase:

(a)     notes that a letter from Chase to Dixon is attached to the Complaint as Exhibit B; and

(b)     denies the remaining allegations contained in said paragraph.

11.     Chase denies paragraph 11 of Plaintiff's Complaint.

12.     Chase denies paragraph 12 of Plaintiff's Complaint.

13.     Chase denies paragraph 13 of Plaintiff's Complaint.

14.     Chase denies paragraph 14 of Plaintiff's Complaint.

15.     Chase lacks knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.     Chase denies paragraph 16 of Plaintiff's Complaint.

17.     Chase lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

**ANSWER AND COUNTERCLAIM**                                           **Page 2**

CutePDF - www.tusio.com

18.     Chase lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.     Chase lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     Chase denies paragraph 20 of Plaintiff's Complaint.

21.     Chase lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.     Chase denies paragraph 22 of Plaintiff's Complaint.

23.     In answer to paragraph 23 of Plaintiff's Complaint Chase affirmatively alleges that Plaintiff failed to cooperate in Chase's investigation and prematurely initiated this lawsuit.

24.     In answer to paragraph 24 of Plaintiff's Complaint Chase affirmatively alleges that Plaintiff failed to cooperate in Chase's investigation and prematurely initiated this lawsuit..

25.     Chase denies paragraph 25 of Plaintiff's Complaint.

26.     Chase denies paragraph 26 of Plaintiff's Complaint.

27.     With respect to the allegations contained in paragraph 27 of Plaintiff's Complaint, Chase:

        (a)     affirmatively alleges that it fulfilled all statutory obligations; and

        (b)     denies the remaining allegations contained in said paragraph.

28.     Chase denies paragraph 28 of Plaintiff's Complaint.

29.     Chase denies paragraph 29 of Plaintiff's Complaint.

30.     Chase denies paragraph 30 of Plaintiff's Complaint.

31.    Chase denies paragraph 31 of Plaintiff's Complaint.

32.    Chase denies paragraph 32 of Plaintiff's Complaint.

33.    Chase denies paragraph 33 of Plaintiff's Complaint.

34.    Chase denies paragraph 34 of Plaintiff's Complaint.

35.    Chase denies paragraph 35 of Plaintiff's Complaint.

36.    Chase lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37.    Chase denies paragraph 37 of Plaintiff's Complaint.

38.    Chase denies paragraph 38 of Plaintiff's Complaint.

39.    Chase denies paragraph 39 of Plaintiff's Complaint.

40.    Chase denies paragraph 40 of Plaintiff's Complaint.

41.    Chase denies paragraph 41 of Plaintiff's Complaint.

42.    Chase denies paragraph 42 of Plaintiff's Complaint.

43.    Chase denies paragraph 43 of Plaintiff's Complaint.

44.    Chase denies paragraph 44 of Plaintiff's Complaint.

45.    Chase denies paragraph 45 of Plaintiff's Complaint.

46.    Chase denies paragraph 46 of Plaintiff's Complaint.

47.    Chase denies paragraph 47 of Plaintiff's Complaint.

48.    Except as hereinabove otherwise pleaded, Chase denies each and every matter and thing alleged in Plaintiff's Complaint including, to the extent identifiable therein, any and all relief requested by Plaintiff.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Chase would show the following:

### I. FIRST DEFENSE

1.    Plaintiff's Complaint is barred by the doctrine of waiver.

### II. SECOND DEFENSE

2.    Plaintiff's Complaint is barred by the doctrine of estoppel.

### III. THIRD DEFENSE

3.    Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

### IV. FOURTH DEFENSE

4.    Plaintiff's Complaint is barred on the grounds that she has failed to satisfy all conditions precedent to filing this action.

### V. FIFTH DEFENSE

5.    Plaintiff's Complaint is barred by the doctrine of release.

### VI. SIXTH DEFENSE

6.    Plaintiff's Complaint is barred by the doctrine of unclean hands.

### VII. SEVENTH DEFENSE

7.    Plaintiff lacks standing to seek the relief requested in her Complaint.

### VIII. EIGHTH DEFENSE

8.    Plaintiff has failed to state a claim against Chase upon which relief can be granted.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Chase states as follows:

1.    On or about April 10, 2000, Chase proposed to settle this lawsuit.  Plaintiff, by and through her counsel, David A. Sibley, agreed to settle on the terms proposed by Chase.  The terms of this settlement are reflected in Exhibit A attached hereto.  No specific deadline was established

**ANSWER AND COUNTERCLAIM**                                                                          **Page 5**

for the consummation of this settlement, and counsel for Chase prepared appropriate settlement papers and forwarded them to Mr. Sibley. Chase initiated the internal procedures necessary to generate a check for the settlement funds.

2. On or about May 5, 2000, Plaintiff's counsel, Mr. Sibley, purported to "revoke" the settlement offer he had accepted on his client's behalf. Chase stands ready, willing, and able to fulfill its obligations under the settlement agreement.

3. The letter from counsel for Chase attached as Exhibit A and accepted by counsel for Plaintiff as her agent constitutes a binding contract. Plaintiff has anticipatorily repudiated that contract. Chase has suffered and will continue to suffer damages, including but not limited to its costs, disbursements and attorneys' fees, arising from Plaintiff's breach of contract in an amount to be determined at trial.

4. Pursuant to Texas Civil Practice and Remedies Code Section 38.001, Chase is entitled to recover its attorneys fees incurred herein.

WHEREFORE, premises considered, Defendant The Chase Manhattan Bank USA, N.A., prays that Plaintiff take nothing by her complaint herein, and that Defendant be discharged with its costs, disbursements and reasonable attorneys' fees, and such other and further relief as the Court deems equitable.

Respectfully submitted,

Thomas A. Connop
  State Bar No. 04702500
Attorney-in-Charge
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

ATTORNEYS FOR DEFENDANT
CHASE MANHATTAN BANK USA, N.A.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above Answer and Counterclaim of The Chase Manhattan Bank, USA, N.A., has been served via facsimile and United States mail upon counsel for Plaintiff, David Sibley, P. O. Box 9610, Corpus Christi, Texas 78469-9610 on this _____5ᵗʰ_____ day of May, 2000.

**ANSWER AND COUNTERCLAIM**

17534:76461:DALLAS:738555.1

Case 2:00-cv-00094   Document 8   Filed in TXSD on 05/08/2000   Page 8 of 10



# FAX

00 MAR 11 AM 7:37

**To:** Thomas Connup

**Voice Phone Number:**

**From:** David Sibley

**Company:** Attorney At Law

**Fax Number:** 361 692 0142

**Voice Number:** (361) 882-2377

## MESSAGE

**Date:** 4/11/00

**Pages:** 1 of 3



EXHIBIT
A

Case 2:00-cv-00094  Document 8  Filed in TXSD on 05/08/2000  Page 9 of 10

# LOCKE LIDDELL & SAPP LLP

### ATTORNEYS & COUNSELORS

2200 ROSS AVENUE                                                              (214) 740-8000
SUITE 2200                                                               Fax: (214) 740-8800
DALLAS, TEXAS 75201-6776     AUSTIN • DALLAS • HOUSTON • NEW ORLEANS     www.lockeliddell.com

DIRECT NUMBER: (214) 740-8547
email: tconnop@lockeliddell.com

April 10, 2000

*Via Facsimile to 361-692-0142*

David A. Sibley, Esq.
P. O. Box 9610
Corpus Christi, Texas 78469-9610

Re:   *Vera Dixon v. "Chase Visa"*, Case No. C-00-094, in the United States District
      Court for the Southern District of Texas, Corpus Christi Division

Dear David:

This will confirm that our clients have agreed to settle the above-referenced matter on the
following terms:

1. The Chase Manhattan Bank USA, N.A. ("Chase") will delete the $259 charge
   contested in the referenced complaint from the Visa account of Romer J. Dixon,
   No. 4253 3040 0071 5542 *and make no adverse credit report relating to the account [delete any adverse*

2. Account No. 4253 3040 0071 5542 be closed; *credit report already made)*

3. Chase will pay Plaintiff $500 in attorney's fees and $150 in court costs;

4. Mrs. Dixon will release Chase from all claims and causes of action asserted or which
   could have been asserted in the above-referenced matter; and

5. Mrs. Dixon will dismiss the above-referenced matter with prejudice.

I have been advised by Judge Jack's court coordinator that this case has been removed
from the Court's pre-trial calendar on April 12, 2000.

Very truly yours,

Tom Connop

Thomas A. Connop

AGREED:

David Sibley

TAC:sjl

# LOCKE LIDDELL & SAPP LLP

### ATTORNEYS & COUNSELORS

2200 ROSS AVENUE
SUITE 2200
DALLAS, TEXAS 75201-6776
(214) 740-8000
FAX: (214) 740-8818
www.lockeliddell.com

AUSTIN · DALLAS
HOUSTON · NEW ORLEANS

## *FACSIMILE TRANSMISSION*
### *Date: April 10, 2000*

| | |
|---|---|
| **To:** DAVID A. SIBLEY, ESQ.<br>Tel: 361/882-2377<br>Fax: 361-692-0142 | **From:** THOMAS A. CONNOP<br>Tel: 214/740-8547<br>Fax: 214/740-8818 |
| To:<br><br>Fax: | **Re:** *Vera Dixon v. "Chase Visa"*<br>Case No. C-00-094, U.S. District<br>Court for the Southern District of<br>Texas, Corpus Christi Division |
| To:<br><br>Fax: | We are sending __2__ pages,<br>including this cover sheet.<br><br>If you have trouble receiving them,<br>please call 214/740-8098. |

<u>Notes</u>:

**IMPORTANT/CONFIDENTIAL**: This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.